IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| ROSALIA LOPEZ MENDOZA | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:18-cv-179 |
| | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY and | § | |
| JUAN ENRIQUEZ | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and Juan Enriquez remove this action pursuant to 28 U.S.C. § 1441 and respectfully show:

### Procedural Background and Parties

1.      State Farm and Juan Enriquez, a State Farm claim adjuster, are defendants in an action styled *Rosalia Lopez Mendoza v. State Farm Mutual Automobile Insurance Company and Juan Enriquez*, Cause No. CV-54819, in the 385th Judicial District of Midland County, Texas (the "state court action").  The state court action was filed on August 20, 2018.

2.      This notice of removal is timely under 28 U.S.C. § 1446(b).  It is filed within 30 days after service of citation and Plaintiff's Original Petition on Defendants.  Specifically, the first Defendant served with citation and Plaintiff's Original Petition was State Farm on September 6, 2018.  Defendant Enriquez was not served with citation, but made an appearance in the state court action on September 28, 2018.

3.      At the time this action was commenced, Plaintiff was, and still is, a citizen of Texas.  Plaintiff Rosalia Lopez Mendoza is a natural person residing in Texas; and, thus, she is a citizen of Texas.

4.      Defendant State Farm is now, and was at the time this action was commenced, a corporation organized under the laws of the State of Illinois.  Defendant State Farm's principal

place of business is in Bloomington, Illinois.   Therefore, complete diversity of citizenship exists between Plaintiff and State Farm.

5.      Defendant Juan Enriquez was, at the time the action was commenced, and still is, a natural person residing in Texas.  Thus, Juan Enriquez is a Texas citizen.

6.      Defendants State Farm and Juan Enriquez both join in this removal.

<u>Basis For Removal</u>

7.      As set forth below, Plaintiff improperly joined Juan Enriquez, a State Farm claim adjuster, for the purpose of defeating diversity.  For this reason, the citizenship of Juan Enriquez should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332.  The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists.  *Salazar v. Allstate Texas Lloyd's Inc.,* 455 F.3d 571, 574 (5th Cir. 2006)*; Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2003).

8.      This Court, therefore, has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship between all real parties in interest (Plaintiff and State Farm) and, as is apparent from the face of Plaintiff's Original Petition, the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.  Consequently, Defendants State Farm and Juan Enriquez may remove this action pursuant to 28 U.S.C. § 1441.

<u>Argument and Authorities</u>

A.      **Improper Joinder Generally**

9.      Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007), citing *Smallwood,* 385 F.3d at 573.  State Farm claim adjuster Enriquez's joinder here is improper because Plaintiff cannot establish a state court claim against him.  Defendants recognize that they bear a heavy burden of showing there is no reasonable basis for this Court

to predict that Plaintiff might be able to recover against claim adjuster Enriquez.  But a careful review of Plaintiff's Original Petition shows that Defendants can meet this burden.

      **B.**    **Allegations of Plaintiff's Original Petition**

      10.    Plaintiff alleges that Jerrett Russell Clemence ("Clemence"), a State Farm auto insured, while driving, negligently crashed into the back of Plaintiff's vehicle.  Petition at ¶ VI, p. 2.  Plaintiff further alleges that she made a claim against Clemence's policy with State Farm for her injuries and damages.  Petition at ¶ VI, p. 3.  Plaintiff also avers that she made a "demand under the *Stowers* Doctrine to Clemence, through State Farm and Defendant Enriquez, the State Farm adjuster assigned to Plaintiff's claim."  Petition at ¶ VI, p. 3.  After making the *Stowers* demand, Plaintiff avers she "sued Clemence" (the "liability suit").  According to Plaintiff, despite Clemence's attorney delivering a copy of the liability lawsuit to State Farm and Enriquez, neither assigned counsel to Clemence; and Clemence did not answer the liability suit.  Petition at ¶ VI, p. 3.

      11.    Plaintiff avers that after an appropriate period, she sought and received a default judgment against Clemence for $280,473.00, plus court costs, pre-judgment interest and post-judgment interest.  Plaintiff also alleges that she notified State Farm and Enriquez of the default judgment and made demand for payment of the judgment.  Additionally, according to Plaintiff, she "applied for turnover of Clemence's causes of action against Defendants."  Plaintiff then avers following a properly noticed hearing, the trial court ordered the turnover of all of Clemence's claims against Defendants.  As such, Plaintiff alleges she "stands in the shoes of Clemence."  Plaintiff also states in this suit that she "asserts the damages against Defendants that Clemence could assert," including contractual and extra-contractual damages.  Petition at ¶ VIII, p. 4.

      12.    For her alleged causes of action against the "Defendants" (lumping together both State Farm and Juan Enriquez), Plaintiff asserts (1) a *Stowers* claim; (2) breach of contract; (3)

breach of the duty of good faith and fair dealing; (4) negligence; (5) fraud; and (6) violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code.

      **C.**     **Fraudulent Joinder of Claim Adjuster Ruben Cardenas**

      13.     Plaintiff has no viable _Stowers_ claim against State Farm adjuster Enriquez.   It is well accepted under Texas law that the _Stowers_ duty to settle _third-party_ claims (like Plaintiff's claim here) is imposed only on the insurer.  _American Centennial Ins. v. Canal Ins._, 810 S.W.2d 246, 254 (Tex. App.—Houston [1st Dist.] 1991), _rev'd in part on other grounds_, 843 S.W.2d 480 (Tex. 1992).  Consequently, the _Stowers_ duty does not apply independently to the insurer's agent—that is, a plaintiff cannot sue an insurer's adjuster individually.  _See American Centennial_, 810 S.W.2d at 254; _see Ecotech Int'l v. Griggs & Harrison_, 928 S.W.2d 644, 649 (Tex.App.—San Antonio 1996, writ denied) (attorney cannot be liable for alleged _Stowers_ violation); _Employers Mut. Cas. Co. v. Maya_, 2005 U.S. Dist. LEXIS 7533 *7, 2005 WL 1017814 (ND Tex. Apr. 29, 2005) ("Because [the claim adjuster] is not an insurer, he owes no _Stowers_ duty to Defendants.").

      14.     It is also plain Plaintiff has no viable breach of contract claim against adjuster Enriquez.  Plaintiff, who contends she stands in Clemence's shoes, makes no allegation that adjuster Enriquez was a party to any contract of any sort with Clemence.  The existence of a contract between Clemence and adjuster Enriquez is essential to a contract action by Plaintiff against Enriquez.  _Franzin v. Hanley_, 130 S.W.3d 373, 376 (Tex. App.—Dallas 2004, no pet.).  To the contrary, Plaintiff pleads the insurance contract is between Clemence and State Farm.  Plaintiff alleges: "Plaintiff would show State Farm provided in its insurance contract with Clemence [it] would defend and indemnify him for the negligent cause of action in which Plaintiff prevailed."  Petition at ¶ VI, p. 4.  Because adjuster Enriquez not a party to the insurance policy, Plaintiff has no contract claim against him.

      15.     The law in Texas is clear that an insurer does not owe its insured a duty of good faith and fair dealing to investigate and defend claims by a third party against its insured.

*Aldous v. Darwin Nat'l Assur. Co.*, 851 F.3d 473, 484 (5th Cir. 2017); *Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 27 (Tex. 1996).   As explained by the Texas Supreme Court, it "has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured." *Head*, 938 S.W.2d at 28.  Here, Plaintiff, a third party, allegedly suffered a loss and sued the insured (Clemence), who then sought coverage from State Farm.  Thus, this is not a claim involving the insured's (Clemence's) claim of loss, meaning there is no duty of good faith and fair dealing between State Farm and its insured (Clemence).  Absent a <u>duty of good faith and fair dealing</u> in the context of this third-party claim, no such viable claim can be made against adjuster Enriquez (or State Farm for that matter).

16.    In declining to recognize a duty of good faith and fair dealing between an insurer and insured in *Head*, the Texas Supreme Court underscored:  "Texas law recognizes only one tort duty in this context, that being the duty stated in [*Stowers*]." *Head*, 938 S.W.2d at 28.  The context in *Head* was a claim in the name of the insured against its insurer for failing to defend and pay a third-party claim. The Texas Supreme Court explained that "an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights." *Id* at. 28-29. Here, because the causes of action asserted by Plaintiff arise out of conduct in the refusal to defend or mishandling of a third-party claim, the only tort claim that can be asserted is a *Stowers* action.  As a result, under Texas law, in this third-party claim context, Plaintiff has no valid <u>negligence action</u> or <u>fraud claim</u> against adjuster Enriquez (or State Farm for that matter).[1] *See also Cain v. Safeco Lloyds Inc. Co.*, 239 S.W.3d

---

[1]     Even in the first-party context, no cause of action exists against an insurer's adjuster or agent for negligent claims handling because an agent or employee is not a party to the insurance contract between the insurer and the insured and thus owes the insured no such duty. *Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir. 1993) (affirming dismissal of negligent investigation claim against an adjuster because the adjuster was not a party to the insurance contract and owed no duty to the insured under Texas law); *Muniz v. State Farm Lloyds*, 947 S.W.2d 229, 232 (Tex. App.—San Antonio 1998, no pet.); *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916 (Tex. App.—Dallas 1997, writ denied) (absent contractual

895, 897-98 (Tex. App.—Dallas 2007, no pet.) (refusing to recognize an action for an insurer's negligent defense of a third-party claim beyond *Stowers*); *Taylor v. Allstate Ins. Co.*, 356 S.W.3d 92, 100 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (because the claims against Allstate arose out of its conduct in handling a third-party claim, the court reasoned the insured was fully protected by his contractual and *Stowers* rights such that it refused to recognize an action for tortious interference).

      17.     Under Texas law, Plaintiff lacks standing to bring any of Clemence's claims under the DTPA or Insurance Code against adjuster Enriquez (or State Farm for that matter). The Texas Supreme Court has declared that DTPA claims generally cannot be assigned by an aggrieved consumer to someone else because the cause of action is "personal and punitive." *PPG Indus. Inc. v JMB/Houston Ctrs. Ptrs. Ltd.*, 146 S.W.3d 79, 87 (Tex. 2004). Critically, both Texas and federal courts have recognized the Insurance Code is similarly "personal and punitive" and have extended the *PPG* holding to bar assignment of claims under the Insurance Code. *Lee v. Rogers Agency*, 517 S.W.3d 137, 146 n.3 (Tex. App.—Texarkana 2016, pet. denied); *Montoya v. State Farm Mut. Auto. Ins. Co.*, 2016 US Dist. LEXIS 141322, *15, 2016 WL 594232 (W.D. Tex. Oct. 12, 2016); *Great Am. Ins. Co. v. Fed. Ins. Co.*, 2006 U.S. Dist. LEXIS 55038, 2006 WL 2263312 (N.D. Tex. Aug. 8, 2006).

      18.     As shown above, no viable claim has been asserted by Plaintiff against adjuster Enriquez. It is transparent; he was improperly joined. Thus, there is complete diversity in this case and the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

---

relationship with concomitant duty, adjuster could not be liable for "improper investigation and settlement advice, regardless of whether [insured] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DPTA claims."). Texas courts have also refused to recognize the tort of negligent claims handling as against even the insurer. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *United Serv. Auto. Ass'n. v Pennington*, 810 S.W.2d 777, 783-84 (Tex. App.—San Antonio 1991, writ denied). Allegations of negligent handling of insurance claims are simply considered contract claims against the insurer. *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994) ("claims, like that asserted here for negligent claims handling, have no legally independent basis and, therefore, are regarded merely as actions for breach of contract.").

-6-

### Exhibits to Notice of Removal

19.      Filed with this Notice of Removal are:  (i) <u>Exhibit A</u>, an index of the matters attached; (ii) the only pleadings in the state court are Plaintiff's Original Petition and Defendants' Original Answer, attached as <u>Exhibits B</u> and <u>C</u>, respectively; (iii) there are no orders signed by the state judge; (iv) all executed process are attached as <u>Exhibit D</u>; (v) the docket sheet is attached as <u>Exhibit E</u>; and (vi) a list of counsel of record is attached as <u>Exhibit F</u>.

### Conclusion

This state court action was timely and properly removed to federal court.  The properly joined Defendant, State Farm Mutual Automobile Insurance Company, is a citizen of Illinois, and Plaintiff is a citizen of Texas.  Defendant Juan Enriquez was improperly joined to defeat diversity; therefore, his Texas citizenship is not to be considered in determining whether complete diversity exists.  For these reasons, removal of this action is proper.  Thus, pursuant to 28 U.S.C. § 1446(d), Defendant State Farm Mutual Automobile Insurance Company and Juan Enriquez intend to serve written notice of this removal on the state court promptly after filing this Notice of Removal.

Respectfully submitted,


WINSTEAD PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
512.370.2800 (Telephone)
512.370.2850 (Telecopier)


By:  _____
Peter A. Nolan
    State Bar No. 15062600
Linda J. Burgess
    State Bar No. 03381300

**ATTORNEYS FOR DEFENDANTS**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE**
**COMPANY and JUAN ENRIQUEZ**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of this document has been served in accordance with the Texas Rules of Civil Procedure on this the 5th day of October, 2018.

Rachel Ambler
Rachel@sbcglobal.net
AMBLERLAW, PLLC
2651 Kermit Highway
Odessa, Texas 79763
(432) 203-0303 Telephone
(888) 692-3391 Facsimile

Juan Silva
JSilva@sbcglobal.net
SILVA LAW GROUP, PLLC
1100 South Grant Avenue
Odessa, Texas 79761
(432) 580-8800 Telephone
(432) 580-8808 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Linda J. Burgess